**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RACHEL YOULD, | No. 18-16968 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01255-EJD |
| v. | |
| LINDA S. BARNARD, Ph.D., LMFT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted June 11, 2019[**]

Before:      CANBY, GRABER, and MURGUIA, Circuit Judges.

Rachel Yould appeals from the district court's order denying her motion for

reconsideration in her diversity action arising out of the services provided to Yould

by defendants in connection with her criminal prosecution.  We have jurisdiction

under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Sch. Dist. No. 1J,*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

We have an independent obligation to determine the district court's jurisdiction, *see Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 954 (9th Cir. 2011), and we conclude on the basis of clarifications provided by Yould in her objections to the magistrate judge's findings and recommendations, that the district court had subject matter jurisdiction over this action. *See* 28 U.S.C. § 1332(a) (requirements for diversity jurisdiction).

The district court did not abuse its discretion in denying Yould's motion for reconsideration because Yould failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty.*, 5 F.3d at 1262-63 (grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (affirming dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-16968